IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT REYNOV, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ADP CLAIMS SERVICES GROUP, INC., AUTOMATIC DATA PROCESSING, INC., and DOES 1 through 100,<br><br>    Defendants.<br>_____/ | No. C 06-2056 CW<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT |

    Defendant Claim Services Group[1] has filed a motion to dismiss this putative class action pursuant to Federal Rules of Civil Procedure 12(c) and 56. Plaintiff Victor Reynov opposes the motion and has filed a simultaneous motion for leave to file a first amended complaint. Defendant opposes the motion for leave to amend. The matter was heard on December 1, 2006. Having

---

[1] In mid-2006, after this suit was filed and after the class period ended, ADP Claims Services Group was sold and renamed Claims Services Group, Inc. Claims Services Group, Inc. is a wholly-owned subsidiary of Audatex North America, Inc. Defendant refers to itself as Claims Services Group or CSG in its papers, while Plaintiff refers to it as ADP Claims Services Group, Inc. The Court refers to it as ADP Claims Services Group, Inc., in this order.

considered all of the papers filed by the parties and oral argument on the motions, the Court DENIES Defendant's motion to dismiss and GRANTS Plaintiff's motion for leave to file an amended complaint.

## BACKGROUND

Reynov worked as a senior software quality assurance (QA) engineer for ADP Claims Services Group, Inc. in San Ramon, California from November, 2003 through June, 2005. At that time, ADP Claims Services Group was a wholly-owned corporate subsidiary of Automatic Data Processing, Inc. On April 20, 2005, Reynov signed an agreement to retain Scott Miller to represent him "in all claims for violations of the Labor Code and any other related laws against Automatic Data Processing, Inc." Faustman Decl. Ex. 8. The agreement "authorizes the attorney(s) to do whatever the attorney(s) deem advisable in this matter" and "to associate any other attorney in representing the client(s), without additional costs." Id.

Miller associated other attorneys, including the Thierman Law Firm, to assist him with the case. The attorneys drafted a complaint alleging violations of several California statutes based on an alleged misclassification of Reynov and all others with his job title as salaried exempt employees and names "ADP Claims Services Group, Inc., Automatic Data Processing, Inc., and each of their subsidiaries doing business in California, and DOES 1 through 50" as defendants. The complaint, signed by Mark Thierman, was filed in Contra Costa County Superior Court on January 31, 2006. The case was removed to this Court on March 17, 2006. Miller declares that, consistent with his usual practice, he did not send

2

a copy of the complaint to Reynov.  Thierman declares that it was his practice to send the complaint to his clients, but that he assumed Miller would do so.  Reynov declares that he never received a copy of the filed complaint.

Because he had not heard from Miller in several months, Reynov assumed that Miller had decided not to proceed with the case.  Therefore, he sought out new counsel, the United Employees Law Group.  The United Employees Law Group associated two other law firms to assist with the case.  Neither Reynov nor the newly hired attorneys were aware that the earlier case had already been filed.  The newly hired attorneys filed a similar complaint in Alameda County Superior Court on May 6, 2006.

Reynov and both sets of his attorneys remained unaware that the duplicate suits had been filed until August 16, 2006, when Defendant's counsel deposed Reynov in the Alameda County suit and asked him whether he was a party in any other lawsuit.  When Reynov replied that he was not, counsel produced a copy of the complaint in this suit.  Jonathan Gertler, the attorney representing Reynov at the deposition took a recess to contact Thierman and later suspended the deposition in order to communicate with the attorneys who originally represented Reynov in this suit.

After conversations between Reynov and the attorneys on both suits, Reynov elected to proceed with this case, and the attorneys from the Alameda County suit entered their appearance in this case on September 5, 2006.  At the Court's request, Reynov filed an authorization for "the maintenance of this action and the engagement of the attorneys" on September 22, 2006.  Faustman

3

Declaration Ex. 6.

Plaintiff filed a motion for leave to file a first amended complaint on October 16, 2006, and Defendant filed a motion to dismiss the case on October 17, 2006. Plaintiff states that he intends to move to dismiss the Alameda County action if the motion to dismiss this action is denied.

## LEGAL STANDARD

I. Motion to Dismiss

A motion for judgment on the pleadings under Rule 12(c), like a motion to dismiss for failure to state a claim, addresses the sufficiency of a pleading. Judgment on the pleadings may be granted when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that the moving party is entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). The court may consider, in addition to the face of the pleadings, exhibits attached to the pleadings, Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987), and facts which may be judicially noticed. Mullis v. United States Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987).

II. Motion for Summary Judgment

Under Rule 56, summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.

4

1987).

III. Motion for Leave to File an Amended Complaint

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires."  Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted).  Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality."  Id.; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted).

The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party.  Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit holds that these factors are not of equal weight; specifically, delay alone is insufficient ground for denying leave to amend.  Webb, 655 F.2d at 980.  Further, the "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, 833 F.2d at 186.  Rather, the court should consider whether the proposed amendment would cause the opposing party undue prejudice, is sought in bad faith, or constitutes an exercise in futility.  Id. (citing Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398-99 (9th Cir. 1986); United States v. City of Twin Falls,

5

806 F.2d 862, 876 (9th Cir. 1986); Howey v. United States, 481 F.2d 1187, 1190-91 (9th Cir. 1973); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)).

Prejudice typically arises where the opposing party is surprised with new allegations which require more discovery or will otherwise delay resolution of the case. See, e.g., Acri, 781 F.2d at 1398-99; Guthrie v. J.C. Penney Co., 803 F.2d 202, 210 (5th Cir. 1986). The party opposing the motion bears the burden of showing prejudice. DCD Programs, 833 F.2d at 186; Beeck v. Aquaslide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977).

## DISCUSSION

I.  Motion to Dismiss

Defendant's arguments for dismissal stem from its assertions that the original filing of the complaint in this case was unauthorized and that the attorneys representing Plaintiff have acted or are acting in bad faith.

Defendant first asserts that Reynov had the absolute right to terminate his attorneys and that he must have believed that his relationship with them had been terminated when he elected to hire additional attorneys. Therefore, Defendant argues that "any authority conveyed to Mr. Miller [under the retainer agreement] had expired and was ineffective when this lawsuit was filed in February of 2006." Defendant's Motion to Dismiss 7-8.

However, Defendant does not cite any authority to support its claim that a subjective belief that an attorney-client relationship has ended can act to terminate such a relationship. Further, Defendant appears to confuse authorization with knowledge.

6

1  Although Reynov was unaware that this suit had been filed, he had
2  clearly authorized counsel to act on his behalf.  As Reynov points
3  out, California courts have held that even unauthorized acts are
4  binding on a client if he later ratifies those acts.  See, e.g.,
5  Norcal Mut. Ins. Co. v. Newton, 84 Cal. App. 4th 64 (2000); Blanton
6  v. Womancare, 38 Cal. 3d 396 (1985).  Therefore, the Court finds
7  that, although Reynov was unaware of the filing because of a lack
8  of communication by his attorneys, he authorized the original
9  complaint.

10      Because the Court finds that the suit was authorized,
11 Defendant's argument for dismissal based on the statute of
12 limitations also fails.  This action was originally filed in Contra
13 Costa County Superior Court on February 2, 2006, less than one year
14 after Reynov's employment was terminated on June 3, 2005.

15      Defendant also suggests that Reynov lacks standing because he
16 cannot have an interest in the outcome of the suit if he was
17 unaware that the suit was filed.  However, the fact that Reynov
18 hired the second set of attorneys to file a nearly identical suit
19 when he did not know this one had been filed clearly demonstrates
20 that he has an interest in the outcome of this suit.  This
21 demonstrated interest also undermines Defendant's argument that
22 this Court lacks jurisdiction over Reynov's case because there is
23 no case or controversy.  Reynov's cause of action against Defendant
24 clearly existed when he hired the original attorneys in this suit,
25 when the original complaint was filed, and when he later mistakenly
26 hired the second group of attorneys.

27      Finally, the Court finds Defendant's allegations of misconduct

by Reynov's counsel unconvincing. The Court finds that any irregularities in the filing of this suit were caused by a lack of communication between Reynov and his attorneys rather than acts of bad faith. For example, Defendant charges Reynov with judge-shopping, in part because he has not yet dismissed either of the cases filed on his behalf. However, the Court finds that Plaintiff's decision not to dismiss the Alameda County action until he is sure that this case will proceed is a prudent decision to protect his ability to go forward with one of his suits rather than an effort improperly to select the judge of his choice.[2] This is particularly true given that Reynov was clearly unaware that this case had been filed when the second case was filed in another court.

The Court finds that Reynov authorized this suit and that any irregularities in the filing of this suit were caused by a lack of communication between Reynov and his attorneys rather than acts of bad faith. Therefore, the Court denies Defendant's motion to dismiss.

II. Motion for Leave to File an Amended Complaint

Plaintiff moves for leave to file an amended complaint that includes Jeffrey Sparks as an additional named plaintiff. The

---

[2]Similarly, Defendant's claim that this case should be dismissed under the abstention doctrine is unconvincing. Reynov's intent to dismiss the State court suit if this Court denies Defendant's motion to dismiss eliminates the need to consider abstention. Further, neither Defendant's allegation of misconduct nor the fact that this case is a class action is sufficient to establish the "exceptional circumstances" under which abstention is appropriate. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-21 (1976); Travelers Indemnity Co. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990).

8

1  proposed amended complaint includes two subclasses covering two
2  additional job titles that Reynov alleges were also misclassified
3  as exempt from overtime.  Reynov alleges that, during the class
4  period, Sparks worked as both a client service representative and
5  an implementation specialist for Defendant Automatic Data
6  Processing, Inc., while Reynov worked as a senior software QA
7  engineer for ADP Claims Services Group, Inc., a wholly owned
8  subsidiary of Automatic Data Processing, Inc.  Plaintiff's Motion
9  for Leave to File a First Amended Complaint at 2.

10      Defendant argues that Sparks cannot be added as a class
11  representative because he is an employee of ADP, Inc., which is a
12  different subsidiary of Automatic Data Processing, Inc.  In
13  response, Reynov argues that he should be allowed to amend his
14  complaint to add Sparks as a Plaintiff and ADP, Inc. as Defendant,
15  in part because the current complaint names as defendants "ADP
16  Claims Services Group, Inc., Automatic Data Processing, Inc., <u>and
17  each of their subsidiaries doing business in California</u>."
18  (emphasis added).  Reynov argues that the appropriate time to
19  consider whether Sparks is an appropriate named plaintiff is when
20  the Court considers class certification.

21      Defendant argues only that Reynov cannot add Sparks as a
22  plaintiff because of Rule 15(c).  However, Rule 15(c) concerns
23  whether an amendment can relate back to the date of the original
24  pleading, not whether an amendment can be made in the first
25  instance.  Because Sparks is currently employed at ADP, Inc., his
26  claims do not rely upon Reynov's claims to meet the statute of
27  limitations.  Therefore, the only standard in determining whether

9

Reynov should be granted leave to amend the complaint is that found in Rule 15(a).  See Besig v. Dolphin Boating & Swimming Club, 683 F.2d 1271, 1278 (9th Cir. 1982) ("The relation back theory applies almost exclusively to avoid the statute of limitations.").

The Court finds that the amendment to include Sparks as a plaintiff has not been unduly delayed, nor is it made in bad faith, an exercise in futility, or unduly prejudicial to Defendant.  This case is in the very early stages of discovery, and Defendant will have an opportunity to challenge whether Sparks is an appropriate named plaintiff and whether the newly added subclasses are appropriately joined in this action when Reynov moves for class certification.  However, Sparks would not be properly joined in this action if there is no commonality between his claims and Reynov's because they were employed by different entities with different practices and policies.  Barefield v. Chevron U.S.A., Inc., 1987 U.S. Dist. LEXIS 15125, *10-11 (N.D. Cal. 1987).  Therefore, the Court grants Reynov's motion for leave to file an amended complaint adding Sparks as a named plaintiff, provided he can allege, consistent with the requirements of Rule 11, that either or both ADP Claims Services Group, Inc. and Automatic Data Processing, Inc. shared managerial practices or policies with ADP, Inc.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss (Docket No. 25) and GRANTS Plaintiff's motion for leave to file an amended complaint (Docket No. 21).  Plaintiff shall file its amended complaint by January 16, 2007.  If Plaintiff does so,

10

1  the Court will vacate its current case management order and any
2  motion to dismiss will be filed by February 9, 2007, which will be
3  heard on March 16, 2007 at 10:00 AM.  If Plaintiff elects not to
4  file an amended complaint, he will notify the Court and Defendant
5  promptly, and the case will proceed according to the dates in the
6  current case management order.

8      IT IS SO ORDERED.
9         12/20/06
10 Dated: _____       _____
11                                       CLAUDIA WILKEN
                                         United States District Judge