1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   VINCENT REYNOV, an individual, on        No. C 06-2056 CW
    behalf of himself, and on behalf of
9   all persons similarly situated,          ORDER GRANTING
                                             DEFENDANT AUTOMATIC
10          Plaintiff,                       DATA PROCESSING'S
                                             MOTION TO DISMISS
11      v.

12  ADP CLAIMS SERVICES GROUP, INC.,
    AUTOMATIC DATA PROCESSING, INC., and
13  DOES 1 through 100,

14          Defendants.

15  ──────────────────────────────────────/

16

17      Defendant Automatic Data Processing, Inc. (ADP) has filed a

18  motion pursuant to Federal Rule of Civil Procedure 12(b)(2) to

19  dismiss this putative class action against it for lack of personal

20  jurisdiction.  Plaintiff Victor Reynov opposes the motion.  The

21  matter was heard on April 26, 2007.  Having considered all of the

22  papers filed by the parties and oral argument on the motions, the

23  Court GRANTS Defendant's motion to dismiss.

24                            BACKGROUND[1]

25      Reynov worked as a senior software quality assurance (QA)

26

27  ─────────────────

28      [1]For the facts of this case, see the Court's December 20, 2006
    order.

United States District Court
For the Northern District of California

engineer for ADP Claims Services Group, Inc. (CSG) in San Ramon, California from November, 2003 through June, 2005.  Reynov filed this class action against CSG and ADP, alleging that he and all employees with the senior software QA engineer title were misclassified as "exempt" and were therefore improperly denied overtime pay and meal and rest periods under California law.  At the time of Reynov's employment, CSG was a wholly-owned corporate subsidiary of ADP.  ADP is a Delaware corporation with its principal place of business in New Jersey.  It has not been licensed to conduct business in California since April 29, 1994.

In mid-2006, after this suit was filed and after the class period ended, CSG was sold and renamed Claims Services Group, Inc. Claims Services Group, Inc. is a wholly-owned subsidiary of Audatex North America, Inc.

ADP now moves to dismiss the claims against it for lack of personal jurisdiction.

LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. The plaintiff then bears the burden of demonstrating jurisdiction. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).  The plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Fields v. Sedgwick Assoc. Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986). Uncontroverted allegations in the complaint must be taken as true. AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir.

2

United States District Court
For the Northern District of California

1996).  However, the court may not assume the truth of such

allegations if they are contradicted by affidavit.  Data Disc, Inc.

v. Systems Technology Associates, Inc., 557 F.2d 1280, 1284 (9th

Cir. 1977).  Conflicts in the evidence must be resolved in the

plaintiff's favor.  AT&T, 94 F.3d at 588.

If material facts are controverted or if the evidence is

inadequate, a court may permit discovery to aid in determining

whether personal jurisdiction exists.  Data Disc, Inc., 557 F.2d at

1285 n.1.  If the submitted materials raise issues of credibility

or disputed questions of fact, the district court has the

discretion to hold an evidentiary hearing in order to resolve the

contested issues.  Id.

There are two independent limitations on a court's power to

exercise personal jurisdiction over a non-resident defendant: the

applicable state personal jurisdiction rule and constitutional

principles of due process.  Sher v. Johnson, 911 F.2d 1357, 1361

(9th Cir. 1990); Data Disc, Inc, 557 F.2d at 1286.  California's

jurisdictional statute is co-extensive with federal due process

requirements; therefore, jurisdictional inquiries under state law

and federal due process standards merge into one analysis.  Rano v.

Sipa Press, Inc., 987 F.2d 580, 587 (9th Cir. 1993).

The exercise of jurisdiction over a non-resident defendant

violates the protections created by the due process clause unless

the defendant has "minimum contacts" with the forum State so that

the exercise of jurisdiction "does not offend traditional notions

of fair play and substantial justice."  International Shoe Co. v.

Washington, 326 U.S. 310, 316 (1945).  Personal jurisdiction may be

3

**United States District Court**
For the Northern District of California

either general or specific.  Reynov does not argue that general jurisdiction exists.

Specific jurisdiction exists where the cause of action arises out of or relates to the defendant's activities within the forum. Data Disc, Inc, 557 F.2d at 1286.  Specific jurisdiction is analyzed using a three-prong test: (1) the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or a resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987).  Each of these conditions is required for asserting jurisdiction. Insurance Co. of N. Am. v. Marina Salina Cruz, 649 F.2d 1266, 1270 (9th Cir. 1981).

DISCUSSION

ADP argues that the Court lacks jurisdiction over it because jurisdiction over its subsidiary, CSG, which it concedes, cannot be imputed to it and because it lacks the minimum contacts with California necessary to establish personal jurisdiction.  "It is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes." Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1134 (9th Cir. 2003).

4

1    Plaintiff's sole argument in support of a finding of

2  jurisdiction over ADP is that he believed that ADP was his employer

3  and that "the conflict on this issue results solely from [ADP's]

4  extraordinary effort to conceal the separate and independent

5  existence of its operating departments in favor of the ADP brand,

6  for which it is responsible."  Plaintiff's Opposition at 1.

7  Further, Plaintiff alleges that ADP, "through its representatives,

8  entered into written agreements with plaintiff relating to his

9  employment in California. . . . Even if not intending to be

10  plaintiff's employer, Automatic Data Processing, Inc. may

11  reasonably be said to have generated or participated in the

12  retention of plaintiff as an employee in California."  Id. at 5.

13  However, Plaintiff's belief regarding the identity of his employer

14  is not sufficient to establish jurisdiction over ADP.

15                             CONCLUSION

16    For the foregoing reasons, the Court GRANTS Defendant ADP's

17  motion to dismiss (Docket No. 25).

18    IT IS SO ORDERED.

19

20        4/30/07

21  Dated: _____        _____

22                                        CLAUDIA WILKEN
                                          United States District Judge

23

24

25

26

27

28                                   5

**United States District Court**
For the Northern District of California